Edward L. Mueller, WSBA # 264
Mueller & Associates, Inc. P.S.
2050 112th Avenue, N.E., Suite 110
Bellevue, WA 98004
Tel. # (425) 457 7600
Fax #  (425) 457 7601
e-mail: elm@muellerlawfirm.net
<u>Attorney for Plaintiffs</u>

# UNITED STATES DISTRICT COURT,
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **EDUARD Y. MIRZOYAN and TATYANA ISAKOVA, husband & wife,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM (MERS); HSBC BANK USA, NA, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-14; and NORTHWEST TRUSTEE SERVICES, INC., Purported Substitute Trustee of Deed of Trust,**<br>**Defendants.** | No._____<br><br>**COMPLAINT FOR:**<br>(1) **BREACH OF THIRD PARTY BENEFICIARY CONTRACT;**<br>(2) **VIOLATION OF WASHINGTON STATE CONSUMER PROTECTION ACT;**<br>(3) **DECLARATORY JUDGMENT AS TO OWNERSHIP OF PROMISSORY NOTE AND BENEFICIARY OF DEED OF TRUST;**<br>**AND**<br>(4) **TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION TO ENJOIN NON-JUDICIAL FORECLOSURE** |

Plaintiffs Eduard Mirzoyan and Tatyana Isakova, husband and wife, state their

claims against the Defendants Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Loans ;

Mortgage Electronic Registration System (MERS); HSBC Bank USA, N.A., as Trustee for

**Complaint**        **- Page 1-**

Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-14; and Northwest Trustee Services, Inc, as purported Successor Trustee of Deed of Trust recorded under Snohomish County Auditor's File No, 200707230711, as follows:

## I.     I. JURISDICTION, VENUE AND PARTIES,

**1.1.    Jurisdiction and Venue.**

Jurisdiction in this case is based on diversity of citizenship pursuant to 28 USC §1332. The Plaintiffs are residents of Snohomish County Washington State and some of the parties defendant are residents of other states, as stated in the descriptions of the parties in Paragraphs 1.2 through 1.7 of this Complaint. The value of the amount in controversy exceeds $75,000.00, as described in the promissory note and deed of trust which are described in Paragraph 1.2 of this Complaint, Venue in this matter is properly set in the U.S. District Court, Western District of Washington pursuant to 28 USC §1391(a)(2) based on facts pled in Paragraphs 1.2, 1.3 and 1.4, below.

**1.2.   Plaintiffs Eduard Y. Mirzoyan and Tatyana Isakova, husband and wife.**

Eduard Y. Mirzoyan and Tatyana Isakova were and are married and residents of Snohomish County at all times relevant to the claims stated in this Complaint, Plaintiffs' claims are asserted on behalf of Eduard Y. Mirzoyan, individually, and on behalf of the marital community of Eduard Y. Mirzoyan and Tatyana Isakova as the marital community which has an interest in the family home located at 16540th Place West, Lynnwood, Snohomish County, Washington, the legal description of which is:

> Lot 6, McLaughlin Place, as per Plat recorded under Recording No.
> 200405125138, in Snohomish County, Washington, situate in County
> of Snohomish, State of Washington.

**Complaint**                    **- Page 2-**

### 1.3. Wells Fargo Bank, N.A., Defendant.

Wells Fargo Bank, N.A. does business in the state of Washington through branch banking facilities located in Snohomish County, among other counties.  It also does business through a wholly owned division named Wells Fargo Home Mortgage.   Wells Fargo Bank, N.A. claims that it maintains its "home office" in Sioux Falls, S.D. for certain legal purposes. Wells Fargo Bank, N.A. also claims that its corporate headquarters is in San Francisco, CA, where Wells Fargo & Co. claims to have its home office.  Wells Fargo & Co. is a Delaware corporation.  In summary, Plaintiffs have reason to believe that the state of residency of Wells Fargo Bank, N.A. is California, but the state of residency of Wells Fargo Bank, N.A. for purposes of diversity jurisdiction is either California or South Dakota, as alternative primary choices, with a third possible choice of Delaware.  What is clear is that Washington State is not the state of residency of Wells Fargo Bank, N.A.   Wells Fargo Bank, N.A. and its wholly owned division, Wells Fargo Home Mortgage, (which also uses the  d/b/a America's Servicing Company,) has sent written notices to Plaintiff borrower Eduard Mirzoyan at Plaintiffs' home address in Lynnwood, WA indicating (1) that it is the holder of the note signed by him (2) that it has authority to modify the loan and (3) that Wells Fargo Bank, N.A. and Wells Fargo Home Loans, its wholly owned division are attempting to collect a debt, thereby subjecting Wells Fargo Bank N.A. and its division, Wells Fargo Home Mortgage to the jurisdiction of the laws of the State of Washington and the jurisdiction and venue in U.S. District Court, Western District of Washington.

### 1.4. Mortgage Electronic Registration System Inc. (MERS), Defendant.

Mortgage Electronic Registration System Inc., (hereinafter "MERS",) defendant is a Delaware Corporation with its current home office in Virginia.  Plaintiffs' counsel have reason

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

1   to believe based on experience and information, that MERS can be served with process in the

2   states of Michigan and/or Florida.  MERS's state of residence appears to be either Delaware

3   or Virginia.  MERS is a wholly owned subsidiary of Merscorp. Inc., a Delaware Corporation.

4   MERS was named the beneficiary "nominee for the Lender and Lender's successors and

5   assigns" in the Deed of Trust, Snohomish County Auditor's Recording #200707230711.  The

6   Lender is identified in the Deed of Trust as "First Magnus Financial Corporation."  By

7   accepting the appointment from First Magnus Financial Corporation as the "nominee of the

8   original lender" with respect to the deed of trust recorded in Snohomish County, WA, MERS

9   has subjected itself to the jurisdiction of the laws of the State of Washington and the

    jurisdiction and venue in U.S. District Court, Western District of Washington.

10

11  **1.5.    HSBC Bank USA, N.A. as Trustee for Wells Fargo Asset Security Corporation,
          Mortgage Pass-through Certificates, Series 2007-14, Defendant.**

12         HSBC Bank USA, N.A. was originally named as trustee for Wells Fargo Asset

13  Securities, Mortgage Pass-through Certificates, Series 2007-14 when the mortgage Pooling

14  Agreement was made effective September 1, 2007.  HSBC Bank USA, N.A. was named in the

15  reputed Notice of Default dated April 15, 2010, sent by Northwest Trustee Services, Inc., as if

16  HSBC Bank USA, N.A. were the creditor that holds the note.  Such notice was the first time

17  any notice from anyone indicated that HSBC Bank USA, N.A., claims to own the note.

18  HSBC Bank USA, N.A. appears to be a necessary party for purposes of establishing or

19  disputing a chain of valid transfers or ownership of the note and deed of trust on which any

20  foreclosure must be based.

21  //

22

**Complaint**                    **- Page 4-**                    MUELLER & ASSOCIATES, INC., P.S.

**1.6.**    **Northwest Trustee Services, Inc., as Reputed Trustee of the Deed of Trust, That Intends to Perform a Non-Judicial Foreclosure Sale of Plaintiffs' Home.**

Northwest Trustee Services, Inc., is named Defendant because Northwest Trustee Services, Inc. issued a Notice of Default to Plaintiffs, dated April 15, 2010, naming HSBC Bank USA, N.A. as the holder of the note and beneficiary of the deed of trust., followed by a Notice of Trustee's Sale dated June 6, 2010, issued by Northwest Trustee Services, Inc., and electronically recorded under 201006110115 on June 11, 2010.  The sale date stated in the Notice of Trustee's Sale was September 10, 2010.    The Trustee's Sale was not held on that date.   However, Defendant Northwest Trustee Services, Inc. apparently has continued the sale from date to date under the provisions of RCW 61.24.et seq., and the trustee's foreclosure sale is now set for January 7, 2010.  All notices of Trustee's Sale issued by Northwest Trustee Services, Inc., are void or at least voidable based on the failure of Northwest Trustee Services, Inc. to follow the requirements of RCW 61.24.030(7)(a).  Northwest Trustee Services, Inc., is a necessary party because of its claim to be the successor trustee on the Deed of Trust by Appointment of successor Trustee recorded under Snohomish County Auditor's File No, 200909020211, and its attempt to hold a non-judicial sale without the statutory authority to do so because of failure to follow RCW 61.24.030(7)(a).  I

**II.    History of Loan and Other Related Events**
**Which Provide Factual Foundation**
**For Plaintiffs Claims.**

**2.1.    Plaintiff Applied for a Refinance Loan on his Family Residence.**

On or before July 18, 2007 Plaintiff Eduard Mirzoyan applied for a loan through Andrey Samoylenko, of Nation Wide Lending, a registered loan broker, and signed a loan application to lender First Magnus Financial Corporation, (hereinafter First Magnus) an

Complaint                              - Page 5-

1   Arizona corporation, for refinance of Mr. Mirzoyan's family residence at 16515 40th Place

2   West, Lynnwood, WA 98037, requesting a loan for $466,000 amortized over 30 years at a

3   fixed interest rate of 7% per annum.   The First Magnus loan number was Loan No.

4   1212358936 on the loan application and all other related documents up to closing of the loan,

5   including the promissory note and the deed of trust that secured it.

6   **2.2.   Plaintiffs Received Documents at Signing of Loan Documents on Which They Were Entitled to Rely and Did Rely.**

7       At the time Plaintiffs signed the closing documents at the escrow closing office on July

8   18, 2010, Plaintiffs received a signed copy of the Promissory Note[1], an unrecorded signed

9   copy of the Deed of Trust[2], and numerous other documents related to the loan.   Eduard

10  Mirzoyan executed (signed) the note and deed of trust. Tatyana Isakova signed the deed of

11  trust but did not sign the note.   The deed of trust was recorded a few days later under

12  Snohomish County Auditor's Recording # 2007072330711.   None of the documents provided

13  to Plaintiffs included a notice of assignment or intended assignment of the Note or the Deed of

14  Trust.  Included in the numerous additional documents was a copy of a one page document

15  entitled "Payment Letter to Borrower" which stated:

16          Unless notified otherwise please remit your first payment and all
future payments to the following address:

17          FIRST MAGNUS FINANCIAL CORPORATION, an Arizona Corporation
603 North Wilmot Road

18          Tucson, AZ 85711
(866) 901-7888

19

20

[1]   The promissory note is payable to First Magnus Financial Corporation or its order.

21  [2]   The deed of trust provides that the lender is First Magnus Financial Corporation; that

22  the original trustee is Fidelity National Title Insurance Company, and that MERS is the
beneficiary of the deed of trust as "nominee" of the original lender.

Complaint                        - Page 6-

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

Plaintiffs were entitled to rely and did rely on that Payment Letter to Borrower," as well as the other documents received from the escrow closing agent.

### 2.3.    Bankruptcy of First Magnus Financial Corporation.

On August 21, 2007, First Magnus Financial Corporation (First Magnus) filed Chapter 11 Bankruptcy in the U.S. Bankruptcy Court in the District of Arizona at Tucson, AZ.[3] Plaintiffs were not informed of and not aware of the bankruptcy filing by First Magnus at that time; and only became aware in 2010 after hiring legal counsel, who discovered the information on the Internet.  Whether the note, and/or the Deed of Trust, was effectively assigned or transferred to anyone by First Magnus Financial Corporation; and/or whether the beneficiary position held by Mortgage Electronic Registration System Inc. (MERS) was assigned by it to anyone prior to the date of the filing of the First Magnus bankruptcy is unknown at this time, but no evidence of such assignments appear of public record known to Plaintiffs.  It also is clear from public records available on the Internet that prior to August 21, 2006 no assignment of either the note or the beneficiary interest in deed of trust could have been effectively transferred to the pooled investment trust administered by HSBC Bank USA, N.A. as trustee for Wells Fargo Asset Securities Corporation, as Depositor, or Wells Fargo Bank, N.A., as Sponsor and Master Servicer of the "Wells Fargo Mortgage Backed Securities 2007-14 Trust, Mortgage Pass-Through Certificates, Series 2007-14,"[4] because the Trust was not accepting deposits of loan portfolios until beginning September 1, 2007 and  the closing

//

---

[3]  The case name and number of the bankruptcy filing in the Bankruptcy Court for the District of Arizona is *In re First Magnus Financial Corporation,* Case No. 4:07-bk-01578.

[4]  The name in quotation marks is taken from the title on page 1 of the pooling agreement that set up the investment trust that issued the investment certificates.

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601

1    date for deposit of such loan portfolios was September 28, 2007.   Please see Paragraph 2.4

2    and its subparagraphs 2.4.1 – 2.4.4 inclusive, below.

3    **2.4    Questions of Validity of Claim by HSBC Bank USA, N.A. as Trustee for, Wells Fargo Asset Security Corporation Mortgage Pass-through Certificates, Series 2007-14.**

4

5    **2.4.1.  Opening Date and Closing Date for Creation of Corpus of the Investment Trust.**

6    September 1, 2007 is the initial effective date opening ("cut-off date") of the Pooling

7    Agreement between Wells Fargo Asset Security Corporation and HSBC Bank USA, N.A.  The

8    "cut-off date" is the first date at or after which time the total portfolio of loans that was to

9    provide the corpus of the trust to secure the investor certificates was to be transferred into the

10   mortgage loan pool by Wells Fargo Asset Security Corporation between September 1, 2007

11   and September 28, 2007.  This trust could first begin to receive the deposit of loans 11 days

12   after the filing by First Magnus of its Chapter 11 petition.  The last day the trust was to receive

13   deposits of loans was September 28, 2007.  That latter date was identified in the Pooling

14   Agreement as the "closing date" on or before which date all transfers of loans into the trust

15   was to be completed and documented.   Thus any assignment of a loan into the corpus of the

16   trust administered by HSBC Bank, N.A. was to be made between September 1, 2007 and

17   September 28, 2007.  The pooling agreement expressly described the loan documents for each

18   mortgage loan that was to be deposited by Wells Fargo Asset Security Corporation into the

19   corpus of the trust, and what evidence of proper assignment and transfer of the loans was to be

20   completed by September 28, 2007.   Plaintiffs challenge whether any such transfer could have

21   been valid, given the intervening bankruptcy of First Magnus, and given the fact that insofar as

22   Plaintiffs know, First Magnus never indorsed or transferred the note pursuant to RCW 62A.3-

**Complaint**                      **- Page 8-**

1  201 & 204 prior to First Magnus filing bankruptcy.   Plaintiffs also challenge the validity of

2  the assignment described in Sub-paragraphs 2.4.3 and 2.4.4 below.

3  **2.4.2.  Claims of Wells Fargo Bank, N.A**

4  Wells Fargo Bank, N.A. and its wholly-owned division, Wells Fargo Home Mortgage, sent

5  loan statement notices to Plaintiffs that it was entitled to receive the monthly payments on the

6  note beginning with the September 1, 2007 payment.  In reliance on those statements Plaintiffs

7  paid Wells Fargo Bank. N.A. the monthly amounts due on the loan until March 1, 2009.

8  Plaintiffs were not aware of the bankruptcy of First Magnus when the notice from Wells Fargo

9  was received, or during the time when payments were made to Wells Fargo.  Neither Wells

10  Fargo Bank, N.A. nor its wholly-owned division, Wells Fargo Home Mortgage, has ever

11  produced a copy of a valid assignment or indorsement of the note to either of them or to

12  anyone else by First Magnus dated prior to the First Magnus bankruptcy.[5]  Wells Fargo Asset

13  Security Corporation has never produced a copy of a valid assignment or indorsement of the

14  note to it or to anyone else by anyone.   HSBC Bank USA, N. A. has never produced a copy of

15  a valid assignment or indorsement of the original Note to it by anyone.

16  **2.4.3.  Claim(s) of HSBC Bank N.A.,**

17  HSBC Bank USA, N.A., as Trustee, apparently claims that the First Magnus Financial

18  Corporation loan to Eduard Mirzoyan was a part of the total loan portfolio reputedly assigned

19  by Wells Fargo Asset Security Corporation after the "cut-off date" and prior to the "closing

20  date" to HSBC Bank as trustee for the certificate holders as provided in the Pooling

21

22  [5]  An assignment of the note would need to be by indorsement by First Magnus pursuant to
RCW 62.3.201 & 204 because it stated that it is payable to First Magnus or its order.

Complaint                          - Page 9-

1   Agreement dated September 1, 2007.   However, the Pooling Agreement does not list the

2   contents of the portfolio of loans.  Plaintiffs have never been given an actual notice of

3   assignment of the note or the loan by First Magnus Financial Corporation to anyone.

### 2.4.4. Apparent Belated Attempt to Provide Evidence of Assignment of Deed of Trust and Note.

Approximately two years after the Pooling Agreement was established and more than

23 months after the closing date for any loan portfolio deposit into the trust corpus held by

HSBC Bank USA, N.A., there was a belated attempt to provide evidence of an assignment of

the deed of trust and note originally signed by Plaintiff Edward Mirzoyan.  On September 9,

2009 an "Assignment of Deed of Trust" dated September 2, 2009, was recorded under

Snohomish County Auditor's Recording # 200909020210, by which the Deed of Trust signed

by Plaintiff on July 18, 2007,  and originally recorded under Snohomish County Auditor's

Recording # 2007072330711, was "assigned" by "Mortgage Electronic Registration System

Inc. (MERS)" for the first time to HSBC Bank USA, N.A. as Trustee for the Wells Fargo

Asset Securities Corporation Mortgage Pass-through Certificates, Series 2007-14.  The

"assignment" has four problems.  **First,** there is no showing or evidence that MERS, as

"nominee" of First Magnus Financial Corporation had any authority to make such an

assignment.  **Second,** the assignment went directly from MERS, as nominee of First Magnus

(the original lender) to HSBC Bank. USA, as Trustee for Wells Fargo Asset Securities

Corporation Pass-Through Certificates Series 2007-14[6], and occurred more than two years

---

[6] The Pooling Agreement provides that the depositor is Wells Fargo Asset Securities Corporation, not MERS.  The assignment states that it is to HSBC Bank as trust for the investment trust.  Furthermore, the assignment recites that it is made for value received, but MERS never "receives value" as a nominee of the Lender.  See cases cited in fn 7 & 8.

**Complaint**                          **- Page 10-**

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

1  after First Magnus had filed bankruptcy; therefore, any authority delegated to a "nominee" of a

2  bankrupt debtor to dispose of assets would normally be either (1) terminated, or (2) barred by

3  the filing of the First Magnus bankruptcy petition, unless thereafter such authority was

4  authorized by the bankruptcy court upon a motion of First Magnus, or a bankruptcy trustee, or

5  by MERS, or by a creditor to whom the asset is to be assigned, and such transfer would

6  normally require the approval by a bankruptcy court's order.     There is no showing or

7  evidence that any effort was made by MERS or by Wells Fargo Bank N.A., (both of whom

8  were potential creditors who had appeared in the First Magnus bankruptcy) to obtain the

9  bankruptcy court's permission to make the assignment that was dated September 9, 2009, and

10  recorded . **Third,** the Assignment of Deed of Trust recorded under Snohomish County

11  Auditor Recording # 200909020210, also purported to assign the promissory note secured by

12  the deed of trust.  But MERS never at any time was, or has claimed to be, the holder or owner

13  of the promissory note, (or insofar as Plaintiffs know, of any other promissory note.)  In fact, it

14  is generally recognized in other litigation in which MERS has been involved that, as a uniform

15  practice of its role as "nominee" of the original lender, MERS never holds any promissory

16  notes on behalf of its principal(s) – that MERS is a "nominee" of the original beneficiary and

17  nothing more.  It does not hold the note.[7]  **Fourth,** the assignment was signed by Ms Kathleen

18

19

---

[7]  See *Mortgage Electronic Registration Systems, Inc. v. Nebraska Dept. of Banking and*

20      *Finance,* 270 Neb. 529, 704 N.W.2d 784 (Neb. 2005).  The court noted in its opinion that
        MERS had claimed and admitted that it never holds the note with respect to any loan in

21      which it is named as "nominee" on the deed of trust. The note, according to MERS is
        always retained by the original lender unless that lender transfers the note to someone other

22      than MERS. MERS receives no money with respect to payments on or for the note. That
        was why the Nebraska Supreme Court ruled that MERS was not a "mortgage banker" under

**Complaint**                    **- Page 11-**

Taggart, who is believed by Plaintiffs to be an employee of Northwest Trustee Services, Inc.,

in Bellevue, WA, but who signed the document as a "Vice President of MERS." Plaintiffs

challenge the validity of this purported assignment by MERS.[8]   In addition, insofar as

Plaintiffs believe that Mortgage Electronic Registration System Inc. (MERS) never at any time

validly assigned the Mirzoyan deed of trust (a) to Wells Fargo Bank, N.A., or (b) to Wells

Fargo Asset Securities Corporation, or (c) to HSBC Bank, N.S., prior to the "closing date"

referred to in sub-paragraph 2.4.1, above, even assuming the signature original promissory

note was ever validly assigned by First Magnus Financial Corporation to any one of them.  In

summary, the Note and the Deed of Trust that secures the payment of the note became

separated under any of the fact patterns known to Plaintiffs.   The Note originally was held by

First Magnus, who was specifically named as payee.  It was not a "bearer" note.   There has

---

Nebraska Law.  That case opinion was relied upon in the other cases discussed hereafter.

[8] MERS's limited role as nominee  have been address by other courts in the following cases and opinions: *Landmark National Bank v. Kesler, 289 Kan 528, 538 (2009)*. The Supreme Court of Kansas, in *Landmark National Bank, 289 Kan at 539,* observed that:
> "The legal status of a nominee, then, depends on the context of the relationship of the nominee to its principal. Various courts have interpreted the relationship of MERS and the lender as an agency relationship. See *In re Sharidan,* 2009 WL631355, at *4 (Bankr. D. Idaho, March 12, 2009) (MERS "acts not on its own account. Its [*14] capacity is representative." *Mortgage Elec. Registration Systems, Inc. v Southwest,* 2009 Ark. 152 __, __ SW3d__, 2009 WL 723182 (March 19, 2009) ( "MERS, by the terms of the deed of trust, and its own stated purposes, was the lender's agent"); *La Salle Nat. Bank v Lamy,* 12 Misc 3d 1191 [A], at *2 [Sup Ct, Suffolk County 2006])… ("A nominee of the owner of a note and mortgage may not effectively assign the note and mortgage to another for want of an ownership interest in said note and mortgage by the nominee.")

In addition, see *The Bank of New York as Trustee for (etc,) v. Sameeh Alderazi et al,* A.D 3d 793, 853 N.Y.S. 112 (2d Dept.2008) and cases cited therein.

---

**Complaint**                              **- Page 12-**

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

1   been no showing of a transfer of the note pursuant to the applicable parts of Washington State

2   negotiable instruments law.  See RCW 62A.3-201 & 204.   Such a showing must be made

3   pursuant to RCW 61.24. 030 (7)(a) before a Notice of Non-Judicial Trustee's Sale is

4   authorized and recorded, transmitted or served by the trustee, much less performed.  The

5   relevant subsection of RCW 61.24.030(7)(a) reads:

> 7)(a) That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust. A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection.

**2.5.**   **Wells Fargo Bank N.A. Entered Into An Agreement With the Federal National Mortgage Association Which Was To Assure Wells Fargo's Active Participation in Loan Modifications with Borrowers.**

     On April 13, 2009, Well Fargo Home Mortgage acting as a division of Wells Fargo Bank N.A. signed a binding contract with Federal National Mortgage Association ("Fannie Mae") entitled Commitment to Purchase Financial Instrument and Servicer Participation Agreement fir the Home Affordable Modification Program under the Emergency Economic Stabilization Act of 2008.  A copy of said contract is attached hereto, marked **Exhibit A,** and incorporated herein by reference as if fully set forth here.  Note the reference to Wells Fargo Bank, N.A. above the signature on p. ___ of the Agreement.   The Home Affordable Modification Program Guidelines had been published by Fannie Mae on March 4, 2009, which explained the obligations of the participants in the Home Affordable Modification Program.  A copy of the Home Modification Program Guidelines is attached hereto, marked **Exhibit B,** and

**Complaint**           **- Page 13-**

1   incorporated herein by reference as if fully set forth here.   In addition, a Summary of

2   guidelines was also published by Fannie Mae on March 4, 2009, which provided a quick

3   summary of the Home Affordable Program and obligations of servicers and lenders who

4   participate in it. A copy of that Summary of Guidelines is attached hereto, marked **Exhibit C**,

5   and incorporated herein by reference as if fully set forth here.   These three documents clearly

6   indicate the obligations of Wells Fargo Home Mortgage as a division of Wells Fargo Bank,

7   N.A.

8   **2.6.   Home Owners Including Plaintiff Were Third Party Beneficiaries of Agreement Between Federal National Mortgage Association and Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.**

9

10        The agreement described in the preceding ¶ 2.5 of this Complaint is a third party

11   beneficiary contract intended to benefit the home owners described in the agreement and the

12   guidelines.  Plaintiff's were led by Defendant Wells Fargo Bank N.A., d/b/a Wells Fargo

13   Home Mortgage to believe that Plaintiffs qualified for the Home Affordable Modification

14   Program as noted in the next paragraph, i.e. ¶ 2.7 of this Complaint.  Plaintiffs relied on the

15   solicitation of Wells Fargo Home Mortgage fort participation in the Home Affordable

16   Modification program in dealing with Wells Fargo Home Mortgage and Wells Fargo Bank.

17   N.A. as described in ¶ 2.7.

18   **2.7.   Plaintiffs Tried Repeatedly to Obtain a Loan Modification.**

19   **2.7.1.   Solicitation by Well Fargo of Participation of Plaintiffs in Home Affordable Modification Program.**

20        Beginning in May 6, 2009, Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage

21   engaged with Plaintiffs in frequent communications concerning a loan modification on

22

**Complaint**                    **- Page 14-**

1    Plaintiffs home loan. On May 6, 2009, for example, Wells Fargo Home Mortgage sent a letter

2    stating in part:

3    > *"We are writing to let you know that you may be eligible for payment
>    relief on your mortgage. This program offers the assistance you need
>    to remain in your home.*

4    > *"How the program can help you. You are being considered for a loan
>    modification, which is a change to the original terms of your mortgage*

5    > *contract. If you qualify, this could reduce your interest rate or extend
>    the time you have to repay your loan, or both. This means it could*

6    > *reduce your monthly payments and help you stay in your home."*

7    Thereafter, Plaintiffs communicated with Defendant Wells Fargo Bank, N.A. d/b/a

8    Wells Fargo Home Mortgage, and was told by a Wells Fargo representative what

9    information Plaintiffs should submit in order to apply for a loan modification.

10   Plaintiffs prepared the information requested by the Wells Fargo representative, and

     shipped it off to the address provided by the Wells Fargo representative.

11       **2.7.2.   Delays in Loan Modification Attributable to Wells Fargo.**

12   In the latter part of June, 2009, Plaintiffs received a letter from Wells Fargo Bank

13   N.A. d/b/a Wells Fargo Home Mortgage stating that Plaintiff's application for a loan

14   modification was terminated because of Plaintiffs failure to provide the information

     requested.   Plaintiffs immediately contacted Wells Fargo by telephone and explained

15   that Plaintiffs had sent the documents, forms and information requested to the address

16   that Wells Fargo had provided, and that if Wells Fargo could not locate the

     documents, forms and information that were sent, that Plaintiffs would resend them.

17   The Wells Fargo representative indicated that the documents, (etc.,) could be

18   submitted again, but that the prior loan modification file had been closed, and thus the

19   new submittal would be starting anew.   Plaintiffs submitted the documents, forms

     and information to Wells Fargo again.   Plaintiffs then followed up with phone calls,

20   and were assured that their materials were being considered for loan modification.

21   //
     //
22   //

**Complaint**                        **- Page 15-**

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

### 2.7.3.   Erroneous Letter Issued by Wells Fargo Terminating Loan Modification.

Sometime in early August, 2009, Wells Fargo sent a computer generated letter dated July 21, 2009 to Plaintiffs indicating that Plaintiffs' request for loan modification was denied because of lack of information requested by Wells Fargo. The letter was received by Plaintiffs in about the start of the second week of August, 2009.  Plaintiffs checked their records and it appeared that they had sent everything Wells Fargo had requested. Furthermore they had received oral confirmation of receipt of the information by telephone.  On the following Monday, August 14, 2009, Plaintiffs telephoned Wells Fargo and spoke with a representative of Wells Fargo who said his name was Jeremy.   Jeremy confirmed that the computer generated letter had been sent by mistake, and that Wells Fargo had previously received all of the information needed to process Plaintiff's loan modification request.   However, Jeremy requested updated information from the Plaintiffs, which they prepared and sent. On August 15, 2009, Plaintiff's confirmed by telephone call with a Wells Fargo representative  named "Nancy" that the updated documents had been received by Wells Fargo, and the  Plaintiffs' application for loan modification had been reinstated.

### 2.7.4.   Loan Modification Process Terminated by Wells Fargo.

The loan modification process seemed to be moving toward loan modification during the next several weeks.  Then suddenly, in about November 2009 without warning Plaintiffs were advised that a loan modification could not be done on their loan, but no effort had been made by the Wells Fargo Home Mortgage division of Wells Fargo Bank, N.A. to perform the requirements of evaluation and the "net present value" review or communicated with Plaintiffs about that were outlined in the contract described in ¶ 2.5 of this Complaint, and the related guidelines.   Plaintiffs claim that the failure to perform under the terms of the third party beneficiary contract described in ¶ 2.5 of this Complaint by Defendant Wells Fargo Home

**Complaint**                                 **- Page 16-**

1   Mortgage, a division of Wells Fargo Bank, N.A is a breach of contract, for which Plaintiffs are

2   entitled to damages in an amount to be proven at trial or dispositive motion(s).

3   ### III. PLAINTIFFS' CLAIMS FOR RELIEF.

4   **3.1.   Plaintiff's Reallege Paragraphs 1.1 through 1.6 and Paragraphs 2.1 through 2.7
Inclusive, Including All Subparagraphs Thereof.**

5   Plaintiff's reallege paragraphs 1.1 through 1.6 and paragraphs 2.1 through 2.7

6   inclusive, including all subparagraphs thereof for the purpose of incorporation of those

7   allegations into each of the claims hereinafter stated, both as general historical background,

8   and in addition, as specifically asserted facts referred to in each claim.

9   **3.2.   Claim For Breach of Contract.**

10   Plaintiffs claim that the Defendants Wells Fargo Bank and its wholly owned division

11   known as Well Fargo Home Mortgage breached the third party beneficiary agreement as

12   described in described in paragraphs 2.5, 2.6 and 2.7 including the subparagraphs thereof.  As

13   a result Plaintiffs are entitled to damages in an amount to be proven at time of trial or

14   dispositive motion.

15   **3.3.   The Defendant Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage
Violated the Washington State Consumer Protection Act, RCW 19.86.**

16

17   Plaintiffs assert, based on the allegations in paragraphs 2.5, 2.6 and 2.7 including the

18   subparagraphs thereof, that Defendant Wells Fargo Bank d/b/a Wells Fargo Home Mortgage

19   has violated the Washington State Consumer Protection Act, RCW 19.86.  The acts of breach

20   of contract by Defendant Wells Fargo Bank and its wholly owned division Wells Fargo Home

21   Mortgage were repeated, and were done to string along the Plaintiffs so that Defendant Wells

22   Fargo d/b/a Wells Fargo Home Mortgage could claim that it had complied with RCW 61.24.

**Complaint**                          **- Page 17-**

031, and Plaintiffs have reason to believe that Defendant Wells Fargo d/b/a Wells Fargo Home Mortgage was behaving in bad faith because of the history of the loan modification process described above. Defendant Wells Fargo d/b/a Wells Fargo Home Mortgage has engaged in a bad faith breach of contract regarding loan modifications with other borrowers, and such behavior by Defendant Wells Fargo is part of a pattern which has caused Defendant Wells Fargo d/b/a Wells Fargo Home Mortgage to be sued in numerous lawsuits including possible class actions. Plaintiff claim damages to be proven at time of trial or other dispositive motion, including a claim for treble damages, and award of reasonable attorney's fees, as well as court costs.

**3.4.** **Plaintiffs are Entitled to Obtain Declaratory Judgment as to Who Owns/Holds the Note and Who is Beneficiary of the Deed of Trust, if Anyone.**

Plaintiffs are entitled to declaratory judgment on the question of who owns and/or holds the signature original of the promissory note, and who is the beneficiary of the deed of trust described in Paragraph 2.2 of this complaint as a result of the inconsistencies of the claims of various defendants shown in Paragraphs 2.2, 2.3, and 2.4, above. Plaintiffs are entitled to know who, if anyone, owns and holds the signature original note signed by Plaintiff Eduard Mirzoyan and is who is the true beneficiary of the deed of trust, if anyone.

**3.5.** **Plaintiffs are Entitled to a Temporary Restraining Order and Preliminary Injunction and May be Entitled to a Permanent Injunction as Well.**

Plaintiffs are entitled to have the pending non-judicial trustee's sale enjoined pending the final determination of the declaratory judgment action described in Paragraph 3.4. In addition, Plaintiffs are entitled enjoin Defendant Northwest Trustee Services, Inc. from holding the sale because of its failure to comply with RCW 61.24.030(7)(a), as alleged in Paragraph 1.6 of this Complaint. The injunctive relief is claimed against each and all named

Complaint      **- Page 18-**

defendants, jointly and severally, and against their unknown agents, if any.   The grounds for

such injunctive relief are that irreparable harm will be done to Plaintiffs and money cannot

compensate Plaintiffs for such irreparable harm if the pending foreclosure sale is not enjoined.

In addition, given the serious questions raised by the bankruptcy of First Magnus (the original

lender) before any indication of transfer of ownership of the note from First Magnus to

anyone, there are serious questions as to (1) whether any assignment of the signature original

note payable to First Magnus occurred before First Magnus filed its bankruptcy petition, and

(2)  whether the purported assignment of the deed of trust and note by MERS to HSBC BANK

USA, NA, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through

Certificates, Series 2007-14, recorded under Snohomish County Auditor's Recording #

200909020210, was valid.  See Sub-paragraphs 2.43 and 2.4.4 above.  Plaintiffs claim that

given the disputed facts that it is possible that neither Wells Fargo Bank N.A d/b/a/ Wells

Fargo Home Mortgage nor HSBC BANK USA, NA, as Trustee for Wells Fargo Asset

Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-14, are

owners/holders of the signature original promissory note or beneficiary of the deed of trust,

and that therefore no-one may be entitled to foreclose on the deed of trust, in which event

Plaintiffs claim a right to an order of permanent injunction forbidding foreclosure of the deed

of trust against each and all named defendants, and their unknown agents, plus any assignees

of the named defendants.

      WHEREFORE, HAVING STATED THEIR CLAIMS, THE PLAINTIFFS REQUEST

RELIEF AS FOLLOWS:

Complaint          - Page 19-

1.  For judgment against Wells Fargo Bank N.A. and Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., jointly and severally, for breach of contract and damages in an amount to be proven at trial or dispositive motion(s), plus court costs;

2.  For judgment against Wells Fargo Bank N.A. and Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. for violation of the Washington State Consumer protection Act RCW 19.86, and for treble damages in an amount to be proven at trial or dispositive motion(s) plus award of reasonable attorney's fees and court costs;

3.  For declaratory Judgment against Wells Fargo Bank N.A. and Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., and against HSBC BANK USA, NA, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-14, determining that neither each and none of them owns the signature original note and therefore none of them is the beneficiary of the deed of trust recorded under Snohomish County Auditor's Recording # 2007072330711.

4.  For a Temporary Restraining Order to be issued immediately to prevent the non-judicial trustee's sale to be conducted by Defendant Northwest Trustee Services, Inc., and for a preliminary injunction until the conclusion of the declaratory judgment claim for the reasons stated in Paragraph 1.6, p. 10, lines 10-16 inclusive, plus the inconsistency of the competing claims of Defendants as shown in Paragraphs 2.2, 2.3, and 2.4, all as supported by Paragraphs 3.4 and 3.5 of this Complaint.  In addition, at the conclusion of the declaratory judgment claims of Plaintiffs if the Court determines that none of the named Defendants own or hold the signature original promissory note properly indorsed pursuant to applicable parts of Washington State Negotiable Instruments Law, RCW 62A.3-201 & 204.

**Complaint**                    **- Page 20-**

1   Date January 5, 2011.

2                                              Mueller & Associates, Inc. P.S.

3                                              By   /s/ Edward L. Mueller
                                                   Edward L. Mueller. WSBA # 264
4                                                  Attorney for Plaintiffs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**Complaint**                    **- Page 21-**