The Honorable Ricardo S. Martinez

Edward L. Mueller, WSBA # 264
Mueller & Associates, Inc. P.S.
2320 130th Avenue, N.E., Suite E-250
Bellevue, WA 98005
Tel. # (425) 457 7600
Fax # (425) 457 7601
e-mail: elm@muellerlawfirm.net
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| EDUARD Y. MIRZOYAN and TATYANA ISAKOVA, husband & wife,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM (MERS); HSBC BANK USA, NA, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-14; and NORTHWEST TRUSTEE SERVICES, INC., Purported Substitute Trustee of Deed of Trust,<br><br>Defendants. | No. **2:11-cv-00023 RSM**<br><br>PLAINTIFFS' MOTION TO SET ASIDE A NON-JUDICIAL FORECLOSURE CONDUCTED ON NOVEMBER 18, 2011<br><br>Noted for Presentation on January 6, 2012.<br><br>Oral Argument Requested. |

Plaintiffs Eduard Mirzoyan and Tatyana Isakova, husband and wife, through their attorney of record, Edward Mueller make this Motion to Set Aside Non-Judicial Sale of their primary residence conducted by Defendant Northwest Trustee Services on behalf of Defendant HSBC Bank USA, N.A., as Trustee for Wells Fargo Asset Securities Corporation, Mortgage

**Motion to Set Aside**
**Non-Judicial Sale**
- Page 1-
MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2320 – 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 457-7600; FAX (425) 457-7601

Pass-Through Certificates, Series 2007-14 on November 18, 2011. The non-judicial foreclosure sale was conducted on November 18, 2011, in violation of the applicable provisions of RCW 61.24.et.seq., as stated in details below.

This Motion is hereby noted for presentation on Friday January 6, 2011. Plaintiffs request oral argument on this motion.

## I.   FACTS.

### 1. Plaintiffs' Ownership of Property and Making of Loan with First Magnus Financial Corporation.

Plaintiffs Eduard Y. Mirzoyan and Tatyana Isakova were and are married and residents of Snohomish County. They owned their home residence hereinafter described by street and city address. On or before July 18, 2007, Plaintiff Eduard Mirzoyan obtained a loan from First Magnus Financial Corporation, (hereinafter First Magnus) an Arizona corporation, for refinance of Mr. Mirzoyan's family residence at 16515 40th Place West, Lynnwood, WA 98037. On July 23, 2007, the Deed of Trust was recorded under Snohomish County Auditor's Recording # 2007072330711 (See: "Exhibit A" to Declaration of Edward Mueller). At the time of signing the loan documents, none of the documents provided to Plaintiffs included a notice of assignment or intended assignment of the Note or the Deed of Trust.

### 1. First Magnus Financial Corporation Bankruptcy.

On August 21, 2007, (less than a month after the recording of the deed of trust on Plaintiffs' home) First Magnus Financial Corporation (First Magnus) filed Chapter 11 Bankruptcy in the U.S. Bankruptcy Court in the District of Arizona at Tucson, AZ.[1] Plaintiffs

---

[1] The case name and number of the bankruptcy filing in the Bankruptcy Court for the District of Arizona is *In re First Magnus Financial Corporation,* Case No. 4:07-bk-01578.

**Motion to Set Aside**  
**Non-Judicial Sale**   - Page 2-   MUELLER & ASSOCIATES, INC., P.S.  
ATTORNEYS AT LAW  
2320 – 130th Avenue N.E. Suite E-250  
Bellevue, Washington 98005  
Ph. (425) 457-7600; FAX (425) 457-7601

were not informed of and not aware of the bankruptcy filing by First Magnus at that time; and did not know of it until after hiring legal counsel in late 2010.

Snohomish County Auditor's records contain no record of an assignment of the Plaintiffs' Note and/or Deed of Trust to anyone by Defendant First Magnus Financial Corporation <u>prior to its bankruptcy filing.</u> Washington State is a Notice Recording State with regard to real property titles and encumbrances.. Therefore, it is reasonable to infer that because no assignment of either the note issued to First Magnus or the deed of trust that secured payment of the note had been recorded, therefore, upon the filing of the bankruptcy petition pursuant to 11 U.S.C. 541, the Plaintiffs' Note and/or Deed of Trust became the property of Defendant First Magnuson Financial Corporation's bankruptcy estate. Section 1107 of the U.S. Bankruptcy Code places the debtor in possession in the position of a fiduciary, with the rights and powers of a chapter 11 trustee, and it requires the debtor to perform of all but the investigative functions and duties of a trustee. Both Defendant Wells Fargo Bank, N.A., and Defendant Mortgage Electronic Registration System (MERS) were parties in and were represented by legal counsel in the First Magnus bankruptcy. See Declaration of Edward L. Mueller, etc., (Dkt # 13) at pp. 2 & 3, ¶ 5. Based on the document records in that bankruptcy, both of those defendants were aware of the First Magnus bankruptcy.

On October 30, 2007, First Magnus filed a Chapter 11 Plan of Liquidation, appointing the law firm of Greenberg Traurig LLP as a Liquidating Trustee. Since several third parties continued to take assignments of claims from First Magnuson, despite of the established Liquidation Trust, on May 27, 2008, the Liquidating Trustee issued an additional notice of

**Motion to Set Aside** — Page 3—
**Non-Judicial Sale**

<u>MUELLER & ASSOCIATES, INC., P.S.</u>
ATTORNEYS AT LAW
2320 – 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 457-7600; FAX (425) 457-7601

prohibition of assignment of claims (See: "Exhibit B" attached to the Declaration of Edward Mueller, etc.)

Although First Magnus filed for bankruptcy in August 2007, Plaintiffs were not informed by any of the Defendants of that fact, and Plaintiffs became aware of the bankruptcy in late 2010 only after hiring legal counsel. Snohomish County Auditor's records contain no assignment of the Plaintiffs' Note and/or Deed of Trust to anyone by First Magnus Financial Corporation prior to its bankruptcy filing. Since neither Wells Fargo or its affiliates nor HSBC Bank obtained a relief from the automatic stay in the United States Bankruptcy Court, District of Arizona, pursuant to 11 U.S.C. 541, the Plaintiffs' Note and/or Deed of Trust became the property of First Magnuson Financial Corporation's bankruptcy estate, and subsequently of the Liquidation Trust.

2. **Wells Fargo Bank, N.A and Wells Fargo Securities Corporation as Purported Owners of the Plaintiffs' Deed of Trust and/or Promissory Note**

Wells Fargo Bank, N.A. and its wholly-owned division, Wells Fargo Home Mortgage, sent loan statement notices to Plaintiffs that it was entitled to receive the monthly payments on the Note beginning with the September 1, 2007 payment. In reliance on those statements Plaintiffs paid Wells Fargo Bank. N.A. the monthly amounts due on the loan until economic hardship overtook them, and they fell behind in payments.. Wells Fargo Bank, N.A. directly, or through its wholly-owned division, Wells Fargo Home Mortgage, has never produced a

**Motion to Set Aside** - Page 4- MUELLER & ASSOCIATES, INC., P.S.
**Non-Judicial Sale**
ATTORNEYS AT LAW
2320 – 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 457-7600; FAX (425) 457-7601

copy of a valid assignment or endorsement of the Note to either of them or to anyone else by First Magnus <u>dated prior to</u> the First Magnus bankruptcy.[2]

Furthermore, without any actual or constructive notice to Plaintiffs, their loan purportedly was assigned by Wells Fargo Asset Security Corporation as part of a large pool of loans to the corpus of the trust of the mortgage Pooling Agreement, becoming a part of the Wells Fargo Mortgage Backed Securities 2007-14 Trust, Mortgage Pass-Through Certificates, Series 2007-14. HSBC Bank USA, N.A. was originally named as trustee for Wells Fargo Asset Securities, Mortgage Pass-through Certificates, Series 2007-14 when the mortgage Pooling Agreement was made effective September 1, 2007. However, the said Trust was not accepting deposits of loan portfolios until beginning <u>September 1, 2007</u> (11 days after the bankruptcy filing of First Magnuson) and the closing date for deposit of such loan portfolios was <u>September 28, 2007</u>.

There has been no evidence produced by any defendant that such a transfer occurred. There is no indication in the recorded documents relied on by Defendants that such a transfer occurred.

### 3. "Reverse Engineering" or "Creation" the Chain of Title to Commence Foreclosure

Approximately two years after the afore-stated Pooling Agreement was established and more than 23 months after the closing date for any loan portfolio deposit into the trust corpus held by HSBC Bank USA, N.A., there was a belated attempt to provide evidence of an assignment of the Deed of Trust and Promissory Note originally signed by Plaintiff Eduard Mirzoyan. On <u>September 2, 2009, an</u> "Appointment of Successor Trustee was recorded under

---

[2] An assignment of the note would need to be by indorsement by First Magnus pursuant to RCW 62.3.201 & 204 because it stated that it is payable to First Magnus or its order.

| Motion to Set Aside<br>Non-Judicial Sale | - Page 5- | **MUELLER & ASSOCIATES, INC., P.S.**<br>ATTORNEYS AT LAW<br>2320 – 130th Avenue N.E. Suite E-250<br>Bellevue, Washington 98005<br>Ph. (425) 457-7600; FAX (425) 457-7601 |
|---|---|---|

Snohomish County Recording #2009090920211 (See: "Exhibit D" attached to the Declaration of Edward Mueller, etc.)  That document shows it was signed on August 27, 2009 by Ms. China Brown, Vice President of Loan Documentation of "Wells Fargo Bank, NA as it attorney in fact for HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-14."  The "Appointment of Successor Trustee" lists Fidelity National Title Company as the trustee and Mortgage Electronic Registration Systems, Inc. as nominee for First Magnus Financial Corporation and appoints Northwest Trustee Services, Inc. a Successor Trustee.  There does not appear to have been any attempt to obtain the approval of the bankruptcy cpourt in the First Magnus bankruptcy for such an appointment.

Surprisingly, this recorded "Appointment of Successor Trustee" contains a "foreclosure file number" assigned by Northwest Trustee Services, Inc., before that entity had received the appointment, with Ms. Kathy Taggart, its employee, listed as a designated person for the return of documents after filing.  That appears to be putting the "cart before the horse."

On the same date an "Assignment of Deed of Trust" dated September 1, 2009 was recorded under Snohomish County Auditor's Recording # 200909020210.  The Deed of Trust was "assigned" by "Mortgage Electronic Registration System Inc. (MERS)" as *beneficiary* to HSBC Bank USA, N.A. as Trustee for the Wells Fargo Asset Securities Corporation Mortgage Pass-through Certificates, Series 2007-14 (See: "Exhibit E" attached to the to Declaration of Edward Mueller. etc.).

Nevertheless, in prior litigations nationwide, MERS never has claimed to hold a promissory note (See: *Mortgage Electronic Registration Systems, Inc. v. Nebraska Dept. of Banking and Finance*, 270 Neb. 529, 704 N.W.2d 784 (Neb. 2005); *Landmark National Bank*

**Motion to Set Aside**  
**Non-Judicial Sale**   - Page 6-   MUELLER & ASSOCIATES, INC., P.S.  
ATTORNEYS AT LAW  
2320 – 130th Avenue N.E. Suite E-250  
Bellevue, Washington 98005  
Ph. (425) 457-7600; FAX (425) 457-7601

*v. Kesler,* 289 Kan. 528 (2009)). However, this "Assignment of Deed of Trust" assigns to HSBC Bank USA, N.A. "... note or notes therein described or referred to, the money due and to become due thereon...."

It should also be pointed out that the said "Assignment of Deed of Trust" instead of the MERS number assigned to the Plaintiffs' loan, again contained Northwest Trustee Services, Inc. foreclosure file number. The assignment document was signed by Kathy Taggart, who signed it as a Vice-President of MERS, even though she was known to be an employee of Northwest Trustee Services, Inc.   This is an example of the kind of activity that that Attorney General Rob McKenna warned foreclosure trustees not to do when he issued his news release and letter on October 13, 2010. See Exhibit G attached to the Declaration of Edward L. Mueller, etc.

**4. Prior Attempt of Non-Judicial Foreclosure Sale.**

The initial attempt to conduct a non-judicial foreclosure sale commenced in April 2009, when a reputed Notice of Default dated June 25, 2009 purportedly was sent by Northwest Trustee Services, Inc. on behalf of HSBC Bank USA, N.A.  The said notice was reported by Northwest Trustee Services to have been  served on Plaintiffs by Northwest Trustee Services, Inc. more than 2 months <u>before the appointment of Northwest Trustee as successor trustee and the Assignment of Deed of Trust</u> (See: Page 3 of "Exhibit E" to Declaration of Edward Mueller, etc.)

On September 8, 2009 Northwest Trustees Services filed a Notice of Trustee's Sale with the Snohomish County Auditor's Office (Recording # 200909080134) with the sale date scheduled for December 11, 2009, naming again HSBC Bank USA, N.A. as the holder of the

Note and beneficiary of the Deed of Trust. The cancellation of the Trustee's Sale was recorded on November 24, 2009.

On April 15, 2010, Northwest Trustee Services, Inc. reissued again a Notice of Default, naming HSBC Bank USA, N.A. as the holder of the Note and beneficiary of the Deed of Trust, followed by a Notice of Trustee's Sale dated June 6, 2010, issued by Northwest Trustee Services, Inc., and electronically recorded on June 11, 2010. The sale again did not take place.

### 5. Notice from Attorney General of Washington to Foreclosure Trustees to Avoid Illegal Reverse Engineering of Chain of Title

On October 13, 2010 Attorney General of Washington Robert McKenna sent a letter to numerous foreclosure trustees, including Northwest Trustee Services, Inc. (See: "Exhibit G" to Declaration of Edward Mueller, etc.) In his letter, the Attorney General warned the foreclosure trustees that:

> Trustee may be foreclosing on homes when there is no clear chain of ownership for the loan or the security interest. Trustee must be sure that the lender has the authority to foreclose and that the documents which create the chain of ownership are accurate. One of the problems emerging nationally is that lenders are "reverse-engineering" the chain of title, including back-dating documents to make it appear as though the loan was passed from company to company on certain dates when no such assignment actually occurred.

The Attorney General of Washington expressly requested all the foreclosure trustees to suspend all foreclosures "… in which you have not yet confirmed that all foreclosure-related documents were lawfully signed, that the chain of ownership is clear and has been revealed to you in full, and that the state consumer protection requirements have been followed." (See:

**Motion to Set Aside**  
**Non-Judicial Sale**              - Page 8-

MUELLER & ASSOCIATES, INC., P.S.  
ATTORNEYS AT LAW  
2320 – 130th Avenue N.E. Suite E-250  
Bellevue, Washington 98005  
Ph. (425) 457-7600; FAX (425) 457-7601

Letter from Attorney General of Washington attached as "Exhibit G" to Declaration of Edward Mueller".)

### 6. Non-Judicial Sale on November 18, 2011

On August 16, 2011 Northwest Trustee Services issued and recorded a new Notice of Trustee's Sale under Snohomish County Auditor's Recording No. 201108160233, with the new non-judicial foreclosure sale date set for November 18, 2011.

However, on September 28, 2011, MERS as a nominee for First Magnus filed a "Corporate Assignment of Deed of Trust" under Snohomish County Auditor Recording No. 201109280055 (See: "Exhibit I" attached to Declaration of Edward Mueller, ewtc.). The document listed assignee as "HSBC Bank USA National Association as Trustee for Wells Fargo Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-14 at 636 Grand Regency Blvd., Brandon, FL 33510". Following this "Corporate Assignment of Deed of Trust", Plaintiffs have not received any further Notices of Default from any party.

Although Plaintiffs' counsel attempted to continue the Trustee Sale, on November 18, 2011, the sale took place. The minimum "bid" for Plaintiffs' property was $350,000.00, reputedly "bid" by the purported beneficiary. Apparently, as a practical matter, nobody made an offer to buy, and the property reverted to the purported successor to the lender.

## II. ARGUMENT

The Trustee Sale occurred on November 18, 2011 should be set aside for the following reasons:

1. Northwest Trustee Services, Inc. did not have authority to conduct the sale, since Plaintiffs' Promissory Note secured by the Deed of Trust was part of the First Magnus Bankruptcy Liquidating Trust.

Motion to Set Aside
Non-Judicial Sale

- Page 9-

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2320 – 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 457-7600; FAX (425) 457-7601

2. Absent of the "Reverse Engineering" or "Creation" of the chain of title, there is no evidence that any of the Defendants in this action owns the original Promissory Note and Deed of Trust.

3. The Trustee Sale was conducted in violation of RCW 61.24.et.seq.

**1. Plaintiffs' Promissory Note Secured by the Deed of Trust Belongs to the First Magnus Liquidating Trust.**

As previously stated, Plaintiffs obtained a mortgage loan from First Magnus Financial Corporation on or about July 23, 2007. On August 21, 2007, First Magnus Financial Corporation filed Chapter 11 Bankruptcy in the U.S. Bankruptcy Court in the District of Arizona. To become a part of the afore-stated "Pooling Agreement", Plaintiffs' loan had to be transferred into the mortgage loan pool by Wells Fargo Asset Security Corporation between September 1, 2007 and September 28, 2007. Thus, the Trust could first begin to receive the deposit of loans <u>11 days after</u> the filing by First Magnus of its Chapter 11 petition. Because of First Magnus bankruptcy and that fact that First Magnus, never endorsed or transferred the note pursuant to RCW 62A.3-201 & 204 prior to First Magnus filing for bankruptcy, the purported transfer of the Plaintiffs loan pursuant to the Pooling Agreement was invalid. Therefore, neither HSBC Bank USA National Association as Trustee for Wells Fargo Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-14, nor MERS could have possibly owned Plaintiffs' Promissory Note secured by the Deed of Trust prior to serving Plaintiffs with the most recent Notice of Default dated April 15, 2010.

**2. <u>Chain of Title Issues</u>**

Plaintiffs' property records maintained by Snohomish County Auditor's Office contain only two documents which purport to assign the Deed of Trust and Promissory Note to

**Motion to Set Aside**  
**Non-Judicial Sale**  
- Page 10-  
<u>MUELLER & ASSOCIATES, INC., P.S.</u>  
ATTORNEYS AT LAW  
2320 – 130th Avenue N.E. Suite E-250  
Bellevue, Washington 98005  
Ph. (425) 457-7600; FAX (425) 457-7601

Defendants. Both documents were filed more than <u>2 years</u> after Plaintiffs obtained a loan from First Magnus. The first one, dated September 1, 2009, is signed by Ms. Kathy Taggart, a person known to be an employee of Northwest Trustee Services, Inc. Nevertheless, she signed the said "Assignment of Deed of Trust" as a Vice-President of Mortgage Electronic Registration Systems. The second document entitled "Corporate Assignment of Deed of Trust" was filed on September 28, 2011 by Ms. Kathy Churchill, who claimed to be an Assistant Secretary of MERS. Hence, within a span of 24 months, the same entity (MERS) assigned the Plaintiffs' property twice. Inj neither instance did the assignor have PERMISSION OF THE Bankruptcy Court to make the assignment insofar as can be determined.

Assuming *arguendo* that First Magnus Financial Corporation, despite of its intervening Chapter 11 bankruptcy, effectively transferred or authorized the transfer of Plaintiffs' loan into the Trust, <u>and</u> then that the "Corporate Assignment of Deed of Trust" dated September 28, 2011 was invalid and filed by "mistake." The only other document filed with Snohomish County Auditor's Office which purported to assign the interest from First Magnus to HSBC Bank. USA, as Trustee for Wells Fargo Asset Securities Corporation Pass-Through Certificates Series 2007-14 is the "Assignment of Deed of Trust" dated September 1, 2009.

This "assignment" has several major problems. **First,** there is no showing or evidence that MERS, as "nominee" of First Magnus Financial Corporation had any authority to make such an assignment, absent of the Bankruptcy Court's permission. **Second,** the Assignment of Deed of Trust recorded under Snohomish County Auditor Recording # 200909020210, also purported to assign the promissory note secured by the deed of trust. However, MERS never

**Motion to Set Aside**  
**Non-Judicial Sale**  
- Page 11-  
MUELLER & ASSOCIATES, INC., P.S.  
ATTORNEYS AT LAW  
2320 – 130th Avenue N.E. Suite E-250  
Bellevue, Washington 98005  
Ph. (425) 457-7600; FAX (425) 457-7601

at any time was, or has claimed to be, the holder or owner of the promissory note, i.e. MERS is only a "nominee" of the original beneficiary for the purpose of holding the "beneficiary" position in the deed of trust and nothing more. Furthermore, MERS has admitted in other litigations that it never holds the promissory note of any loan in which it is named a "nominee" of the lender. **Third,** the assignment was signed by Ms Kathleen Taggart, an employee of Northwest Trustee Services, Inc., in Bellevue, WA, but who signed the document as a "Vice President of MERS." The document itself contains Northwest Trustee Services internally assigned foreclosure file number. Thus, this attempted assignment of the Note and the Deed of Trust on September 1, 2009 is either void or voidable, as an attempt to "reverse-engineer" or "create" the chain of title.

Plaintiffs submit to the Court that the foreclosure of their property was conducted by Northwest Trustee Service, Inc. without any authority, when the documents authorizing a non-judicial sale ("Appointment of Successor Trustee" and "Assignment of Deed of Trust") are either void or voidable, and prepared exclusively to "create" the chain of title when none existed.

Because the first "Assignment of Deed of Trust" was filed on <u>the same day</u> in conjunction with the "Notice of Trustee Sale" and signed by the same individual in two different capacities on behalf of two different companies, there is no doubt that these actions were performed specifically for "creation" of the chain of title.

3. **Violations of Applicable State Laws**

Pursuant to RCW 61.24. 030 (7)(a), before a Notice of Non-Judicial Trustee's Sale is authorized and recorded, transmitted or served by the trustee, much less performed, the trustee

**Motion to Set Aside**
**Non-Judicial Sale**                      - Page 12-                      MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2320 – 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 457-7600; FAX (425) 457-7601

shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust. The relevant subsection of RCW 61.24.030(7)(a) reads:

> (7)(a) That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, a declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection.

The Note was originally held by First Magnus, who was specifically named as a payee. It was not a "bearer" note. At this point, there has been no showing that the beneficiary HSBC Bank USA, N.A. as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-14 is the owner of the Plaintiffs' Promissory Note secured by the Deed of Trust. Taking into consideration the fact that First Magnus filed for Chapter 11 bankruptcy 11 days prior to the initial date for accepting loans into the Trust, it is highly unlikely that the Promissory Note was validly transferred from First Magnus to the said Trust.

In summary, giving the intervening Chapter 11 bankruptcy filing of First Magnus on August 21, 2007, the absence of any permission of the United States Bankruptcy Court for District of Arizona or First Magnus Liquidating Trustee to transfer the Plaintiffs' loan into the Trust administered by HSBC Bank USA, N.A. during the specified period loan acceptance (September 1, 2007 through September 28, 2007), the Promissory Note secured by the Deed of Trust on Plaintiffs' residence still belongs to the First Magnus Liquidating Trust.

Belated attempts to create the chain of ownership by Northwest Trustee Services, Inc. or any other entity are void or voidable. Thus, the foreclosure sale of Plaintiffs' property conducted on November 18, 2011 was done without any authority of the Promissory Note's

**Motion to Set Aside Non-Judicial Sale** — Page 13—

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2320 – 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 457-7600; FAX (425) 457-7601

true holder and owner, the The First Magnus Financial Corporation's Bankruptcy Liquidating Trustee.

Therefore, Plaintiffs respectfully request the Court to set aside the afore-mentioned non-judicial foreclosure sale.

Dated December 22, 2011.

                                        Mueller & Associates, Inc. P.S.

                                        By  /s/ Edward L. Mueller
                                               Edward L. Mueller. WSBA # 264
                                               Attorney for Plaintiffs

**Motion to Set Aside**
**Non-Judicial Sale**

- Page 14-

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2320 – 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 457-7600; FAX (425) 457-7601

# CERTIFICATE OF SERVICE

I, the undersigned, certify that on December 22, 2011, I caused the document to which this Certificate of Service is appended to be filed electronically in the case named on page 1 of the document with the Clerk of the Court using the ECF system and that by doing so an e-mail copy of the filing will be sent to the following persons at the respective e-mail address following each name:

Ronald E. Beard,
Lane Powell, PC.
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
BeardR@LanePowell.com
Attorney for Defendants Wells Fargo Bank, N.A.;
HSBC Bank as Trustee for Wells Fargo Securities Corporation,
Mortgage Pass-Through Certificates, Series 2007-14.

Abraham M. Lorber,
Lane Powell, PC.
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
LorberA@LanePowell.com
Attorney for Defendants Wells Fargo Bank, N.A.;
HSBC Bank as Trustee for Wells Fargo Securities Corporation,
Mortgage Pass-Through Certificates, Series 2007-14.

Heidi Buck,
Routh Crabtree Olsen, PS
13555SE 36th Street, Suite 300
Bellevue, WA 98006-1489
hbuck@rcolegal.com
Attorney for Defendant Northwest Trustee Services, Inc.

Dated: December 22, 2011.

/s/Edward L. Mueller
Edward L. Mueller. WSBA # 264
Attorney for Plaintiffs

Motion to Set Aside
Non-Judicial Sale

- Page 15-

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2320 – 130th Avenue N.E. Suite E-250
Bellevue, Washington 98005
Ph. (425) 457-7600; FAX (425) 457-7601