1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDUARD Y. MIRZOYAN and TATYANA
ISAKOVA, husband and wife,

　　　　　　　Plaintiffs,

　　v.

WELLS FARGO BANK, N.A., et al.,

　　　　　　　Defendants.

CASE NO. C11-023RSM

ORDER OF DISMISSAL FOR LACK
OF JURISDICTION

　　　　Plaintiffs Eduard Mirzoyan and Tatyana Isakova, husband and wife, filed this action for breach of contract, violation of the Washington Consumer Protection Act, and a declaratory judgment in early 2011.  Dkt. # 1.  An amended complaint was filed in November, 2011.  Dkt. # 11.  Defendants have appeared but have not filed answers to the complaint.

　　　　The matter is now before the Court for consideration of plaintiffs' motion to set aside a non-judicial foreclosure sale.  Dkt. # 12.  Defendants Wells Fargo Bank, N.A., Mortgage Electronic Registration System ("MERS"), HSBC Bank USA, N.A, and Northwest Trustee Services, Inc., have all filed opposition to the motion.  Dkt. ## 14, 16.  The Court deems it unnecessary to hear oral argument on this motion, as it has determined that it lacks subject matter jurisdiction and cannot consider the motion.

ORDER - 1

DISCUSSION

This Court has an obligation to ensure that it has jurisdiction over plaintiffs' claims, and may raise the issue *sua sponte*. *See, Grupe Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.") Subject matter jurisdiction is a threshold question, and the Court may not rule on plaintiffs' motion in the absence of such jurisdiction. *See*, *Morongo Band of Mission Indians v. Calif. State Board of Equalization*, 858 F. 2d 1356, 1380 (9th Cir. 1988).   If the Court determines that it lacks subject matter jurisdiction, it must dismiss the action.  Fed.R.Civ.P. 12(h)(3).

It is a fundamental principle of jurisprudence that federal courts are courts of limited jurisdiction. *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  Thus, it is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.   *Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375, 377 (1994) (citations omitted).

A federal district court has subject matter jurisdiction over a case only if the complaint alleges a federal cause of action, or if the amount in controversy exceeds $75,000 and the parties are citizens of different states. See 28 U.S.C. § 1331, 1332(a).  In the original complaint, plaintiffs as Washington residents alleged jurisdiction on the basis of diversity, asserting that "some of the parties defendant are residents of other states. . ."  Complaint, Dkt. # 1, ¶ 1.1.  Alleging that "some" of the defendants are not Washington residents does not satisfy the rule of complete diversity.  Diversity jurisdiction under § 1332 requires complete diversity, meaning that no plaintiff can be a resident of the same state as any of the defendants.  *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 267 (1806)*; see also Allstate Insurance Co. v. Hughes*, 358 F. 3d 1089, 1095 (9th Cir. 2004).

Plaintiffs are citizens of Washington State, as is defendant Northwest Trustee Services, Inc. ("Northwest").  Northwest is not a mere nominal defendant whose citizenship may be disregarded; plaintiffs have made substantive allegations of failure to follow statutory requirements and described Northwest as a "necessary party."  Complaint, Dkt. # 1, ¶ 1.6.  The complaint requests relief against

ORDER - 2

1   Northwest in the form of a restraining order.  *Id*., ¶ 3.5.  Northwest has appeared in this action and has

2   filed its own opposition to the motion to set aside the foreclosure sale.  Dkt. # 16. The Court finds that

3   Northwest is a proper defendant, and the requirement of complete diversity has not been met.  Therefore

4   it lacks jurisdiction over this matter under 28 U.S.C. § 1332.

5           In apparent recognition of their failure to properly invoke this Court's diversity jurisdiction,

6   plaintiffs filed an amended complaint which purports to assert a federal question under the Emergency

7   Economic Stabilization Act of 2008, 12 U.S.C. § 5201 *et seq*. , and "federal law related to a contract

8   based thereon."  Amended Complaint, Dkt. # 11, ¶ 1.1.  The amended complaint also expands the

9   substantive allegations against Northwest.  *Id*., ¶ 1.6.  Apart from these two changes, the amended

10  complaint is substantially the same as the original; it pleads the same four claims against defendants

11  (breach of contract, violation of the Washington Consumer Protection Act, declaratory judgment, and a

12  restraining order and injunction), and requests the same relief, with the addition of a request for a

13  permanent injunction pursuant to RCW 62A.3-201 and 204.  *Id*., p. 21.

14          The Court finds that plaintiffs' mere inclusion of 12 U.S.C. § 5201 *et seq*.  in the jurisdictional

15  statement fails to properly invoke federal question jurisdiction.  Plaintiffs have not cited to any part of

16  this statute in the body of their complaint, nor requested any relief  based on such citation.  Although

17  they have not identified which part of the Emergency Economic Stabilization Act forms the basis for

18  their claims, they have made reference to the Home Affordable Modification Program ("HAMP"),

19  described at 12 U.S.C. § 5219a.  *Id*., ¶ 2.5. They assert they are third-party beneficiaries of an agreement

20  arising from this section.  *Id*., ¶¶ 2.6, 2.7.  However, the courts of this circuit have uniformly found that

21  there is no private right of action by a homeowner to enforce the provisions of HAMP, and that this

22  program does not create any legal rights for borrowers. *See*, *Lucia v. Wells Fargo Bank, N.A.,* 798 F.

23  Supp. 2d 1059, 1066 (N.D. Ca. 2011); *Puzz v. Chase Home Finance LLC*, 763 F. Supp.2d 1116, 1122

24  (D.Ariz. 2011).

25          The basis for federal question jurisdiction must appear on the face of the well-pleaded complaint.

26  *Bell v. Hood*, 327 U.S. 678, 680-82 (1946).  The complaint must establish either that a federal statute

27

28  ORDER - 3

1    creates the cause of action, or that the plaintiff's right to relief necessarily depends on the resolution of a

2    substantial question of federal law.  *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463

3    U.S. 1, 27-28 (1983).  Plaintiffs have neither established that the cited federal statute creates a cause of

4    action, nor that their right to relief necessarily depends on the resolution of a question regarding said

5    statute.  Their conclusory citation to a statute does not properly invoke federal question jurisdiction,

6    particularly where the statute has been found to provide no private right of action. The Court therefore

7    finds that it does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

8           Having determined that it lacks subject matter jurisdiction over the amended complaint, the

9    Court must dismiss the action.  Fed.R.Civ.P. 12(h)(3).  Accordingly, this action is hereby DISMISSED.

10   The Clerk shall strike the pending motion from the calendar and close the file.

11          Dated this 13th day of April 2012.

12

13

14

15          RICARDO S. MARTINEZ

16          UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28   ORDER - 4